IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                                             Case No. 16-10077- JTM

DREW A. REED, and
TIMOTHY W. ROSENBAUM,

        Defendants.

## MEMORANDUM AND ORDER

The indictment charges defendants Reed and Rosenbaum with making false statements intended to deceive a licensed firearm dealer with respect to the lawfulness of the transfer of a firearm, in order to obtain the firearm from the dealer in violation of Title 18, United States Code, §§ 922(a)(6), 924(a)(1) and 2. Defendants move to suppress all statements they made to Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agents on January 29, 2016, arguing that such statements were made without *Miranda* warnings and involuntary. (Dkt.s 20 and 21). Reed also alleges his *Garrity* rights were violated. For the reasons stated below, the court grants the motions.

**I.     Factual Background**

On December 3, 2014, Reed allegedly purchased a firearm for his friend Rosenbaum because Rosenbaum believed he was prohibited from purchasing a firearm due to a past battery conviction. On January 29, 2016, ATF agents Justin Sprague and Neal Tierney, and Captain Bruce Relph of the Augusta Department of Public Safety, interviewed defendants at the Augusta Police Station regarding this incident. At the time, Reed was employed as a public safety officer, and Captain Relph was his boss.

1

Neither defendant was read their *Miranda* rights, but both were informed that they were not under arrest and were free to leave at any time. Captain Relph told both defendants "I would suggest you talk to them" and encouraged them to be honest with the agents. During the interview, defendants made incriminating statements. Both defendants were allowed to leave after the interview.

**II.   Analysis**

*Miranda* warnings are required when a defendant is in custody and subject to interrogation. *U.S. v. Bennett*, 329 F.3d 769, 774 (10th Cir. 2003). The Supreme Court has defined interrogation as "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). To determine if a person is in custody or not for *Miranda* purposes, the court must determine if "a reasonable [person] in the suspect's position would have understood his situation ... as the functional equivalent of formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

The parties do not dispute that law enforcement interrogated defendants. They disagree as to whether defendants were in custody at the time of questioning. Defendants argue that they were in custody because the questioning took place at a police station and was police-dominated. Generally, a person is not in custody merely because the questioning occurs at a police station. *California v. Beheler*, 463 U.S. 1121, 1125 (1983). This is especially true when defendants were not taken to the police station to be interrogated as was the case here. Defendants were already at the police station because Reed worked there and Rosenbaum, a volunteer firefighter, was at the fire station, which is in the same building.

The court nonetheless finds defendants were in custody at the time of questioning due to the police-dominated atmosphere. Factors indicating that a police-dominated atmosphere exists include: "separation of the suspect from family or colleagues; isolation in non-public questioning rooms; threatening presence of several officers; display of a weapon by an officer; physical contact with the subject; and an officer's use of language or tone of voice in a manner implying that compliance with the request might be compelled." *U.S. v. Griffin*, 7 F.3d 1512, 1519 (10th Cir. 1993). Captain Relph, defendants' superior at work, separated defendants from their work colleagues and placed each in a small, non-public room with two ATF agents and himself. Although the door was unlocked, it was closed. And although Captain Relph told each defendant at the start of the interrogation that he was not under arrest and could leave at any time, he also told them that they should talk to the ATF agents and suggested that things could be "fixed" so long as he was truthful.[1] During Reed's interrogation, Captain Relph interjected himself numerous times when he thought Reed's answers were vague or ambivalent, and warned Reed that documentations and videos would reveal if he lied, so don't. Given the authority Captain Relph wielded at the station and the extent of his participation in the interrogation, the court finds a reasonable person in this situation would have understood his situation as the functional equivalent of formal arrest. The court also finds defendants' statements were involuntary given Captain Relph's presence and participation in the interrogation. The court's decision renders Reed's *Garrity* argument moot. Because defendants were not Mirandized and their statements were involuntary, the court will suppress their statements.

---

[1] In the same vein, Agent Tierney told defendants, "I think this is completely work-outable."

4

**IT IS THEREFORE ORDERED** this 28th day of October, 2016, that defendants' motions to suppress (Dkts. 20 and 21) are **GRANTED**.

s/   J. Thomas Marten
J. THOMAS MARTEN, District Judge
